# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | 1:21-cr-73-HSO-RHWR-1 <br> 1:24-cv-27-HSO |
| NICHOLAS PAUL GODSEY | § § § | |

## ORDER REQUIRING AFFIDAVIT FROM EACH OF DEFENDANT'S FORMER COUNSEL JARRETT TYLER COX AND JOSHUA D. TAYLOR, REQUIRING ANSWER BY THE UNITED STATES ATTORNEY, AND ADVISORY TO DEFENDANT

**BEFORE THE COURT** is the Motion [70] of Defendant Nicholas Paul Godsey to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts ("Section 2255 Rules"), preliminary consideration of Defendant's claims establishes that summary dismissal is not warranted. Accordingly,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, copies of Defendant's pleadings and this Order shall be served by the Clerk of the Court upon the United States Attorney.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Government shall furnish a copy of Defendant's Motion to his former counsel Jarrett Tyler Cox and Joshua D. ("J.D.") Taylor, and that said former counsel shall each respond to Defendant's allegations within **thirty (30) days** of this Order by filing separate

written affidavits with the Court. The Court further and specifically finds that Defendant has waived his right to claim an attorney-client privilege in regard to his criminal case proceedings.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Government shall file its Answer in the form provided by Rule 5(b) of the § 2255 Rules no later than **thirty (30) days** after both of the above-referenced affidavits are filed by Defendant's former counsel, and it shall forward a copy of its Answer to Defendant.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendant is to immediately notify the Clerk of Court and the United States Attorney in writing of any change in his address. He shall caption any such change of address advisories as "Notice to the Court of Change of Address" and not include any motions or other matters in such notice. This notice shall contain only information pertaining to the address change and the effective date of such change of address. Failure by Defendant to immediately notify the Clerk of Court and the United States Attorney of any change in Defendant's mailing address will be interpreted by the Court as a failure to prosecute and may result in the dismissal of Defendant's Motion.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendant is advised that he is obligated under both the Federal Rules of Civil Procedure and this Court's Local Rules to send to the United States Attorney a copy of all pleadings, motions or other documents he submits to the Clerk of this Court for filing. The Court may not consider any pleading, motion, or other document submitted for filing by Defendant that fails to contain a "Certificate of Service"

stating the date and method (e.g., hand delivery, certified mail or regular mail), by which Defendant sent a copy of that pleading, motion or document to the United States Attorney.

**SO ORDERED AND ADJUDGED**, this the 5th day of February, 2024.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE