IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 1:21-cr-73-HSO-RHWR-1
 1:24-cv-27-HSO

NICHOLAS PAUL GODSEY

**RESPONSE OF JARRETT TYLER COX TO
DEFENDANT'S CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL**

COMES now Hon. J. Tyler Cox, of *Taylor and Cox Law Firm*, and files this his response to Nicholas Paul Godsey's claims of ineffective assistance of counsel as set forth in his Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed pursuant to 28 U.S.C. § 2255 [70].

I.  **Procedural Background**

On July 9, 2021, a criminal complaint was filed against Mr. Nicholas Paul Godsey for Possession of a Firearm by a Convicted Felon [1]. After the filing of said compliant, the undersigned was contacted by Attorney J.D. Taylor to assist in his representation of Mr. Godsey. On July 21, 2021, the undersigned entered his appearance in the above-captioned cause [9].

The following day, the undersigned appeared with Mr. Godsey at his scheduled Preliminary Examination and Detention Hearing. Under information and belief, Mr. Taylor was not present due to a scheduling conflict and asked the undersigned to attend. While in court, Mr. Godsey signed a Waiver of Preliminary Examination [12] and a Waiver of Detention Hearing [13].

On July 28, 2021, a multi-count indictment was filed against Mr. Godsey, charging him with: (1) conspiracy to possess with intent to distribute a controlled substance; (2) possession

with intent to distribute a controlled substance; (3) possession of a firearm by a convicted felon; and, (4) possession of counterfeit obligations [17].

On August 4, 2021, at the request of Mr. Taylor, the undersigned met with Mr. Godsey at the Harrison County Detention Center for purposes of Mr. Godsey's execution of a Waiver of Arraignment and Plea of Not Guilty [21].

On January 6, 2022, the undersigned filed a Motion to Withdraw [34], a hearing was held on said motion on January 11, 2022, and a text only order was entered granting said motion on January 13, 2022, after Mr. Taylor formally entered his appearance [36].

**II.     Claims of Ineffective Assistance**

In his pleadings, Mr. Godsey alleges only one ground of ineffective assistance of counsel against the undersigned out of the total of four in his motion. Mr. Godsey asserts in his first ground that the undersigned rendered ineffective assistance prior to the entry of the guilty plea.

**III.    Response**

In case at hand, Mr. Godsey and his family hired Mr. J.D. Taylor to represent him in this criminal matter. The undersigned was contacted by Mr. Taylor to assist him on this case on an "as needed" basis; meaning, if Mr. Taylor had a scheduling conflict the undersigned would attend any hearings in his stead. This included meetings with Mr. Godsey at the Harrison County Adult Detention Center.

At the onset of the case, the undersigned explained in detail the nature of my assistance to Mr. Godsey and my limited role in representation. Mr. Godsey was clear with the undersigned that he understood Mr. Taylor was the lead attorney on his case and that my role was to just assist in appearances for Mr. Taylor, if needed, and to facilitate documents to Mr. Godsey to be

signed, such as a Waiver of Arraignment. The undersigned did not have contact with Mr. Godsey's family throughout representation.

On July 22, 2021, the undersigned was asked by Mr. Taylor to appear for Mr. Godsey during his Detention Hearing and Preliminary Hearing. The undersigned explained to Mr. Godsey the burden of proof at the preliminary hearing stage and the likely outcome of said hearing. Mr. Godsey, after being fully advised of his rights, knowingly and intelligently waived his preliminary hearing and detention hearing. The undersigned had no issues in communication with Mr. Godsey. Even at this early stage in the case, plea negotiations were being had between the Government and Mr. Godsey.

On August 4, 2024, the undersigned was asked by Mr. Taylor to meet with Mr. Godsey at the Harrison County Adult Detention Center for the sole purpose of having Mr. Godsey execute a Waiver of Arraignment. It was and still is the undersigned's understanding that Mr. Taylor spoke to Mr. Godsey prior to my arrival and knew of the purpose of my visit. During said visit, Mr. Godsey knew he had been indicted. After being fully and thoroughly advised by the undersigned of the rights associated and waiving thereof, Mr. Godsey signed the Waiver of Arraignment. Mr. Godsey asked questions relating to ongoing plea negotiations and the undersigned advised him to speak to Mr. Taylor. The undersigned did not have contact with Mr. Godsey after that meeting.

After the above-mentioned meeting at the Harrison County Detention Center, the undersigned had no further contact with Mr. Godsey. There were three continuance motions filed by the undersigned due to ongoing plea negotiations between the Government, Mr. Godsey and Mr. Taylor. During this time, the undersigned had no contact with Mr. Godsey nor his family.

The undersigned filed a Motion to Withdraw as counsel of record for Mr. Godsey on January 6, 2022. It was the undersigned's understanding that Mr. Taylor no longer needed assistance in his representation of Mr. Godsey and a hearing was held on said motion on January 11, 2022. Mr. Taylor was not physically present but the Court was able to reach him telephonically. The Court inquired as to whether Mr. Taylor represented Mr. Godsey in which Mr. Taylor affirmed that he did and that an Notice of Appearance would be filed by him immediately. Once Mr. Taylor filed his Notice of Appearance, the Court granted the undersigned's Motion to Withdraw and my representation of Mr. Godsey ended.

Under information and belief, Mr. Taylor represented Mr. Godsey during his change of plea and sentencing. The undersigned was not present nor privy to the ongoings of the case after January 13, 2022. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted this the 4th day of March, 2024.

/s/ J. Tyler Cox
Hon. J. Tyler Cox (MB #105807)
Taylor and Cox Law Firm
1113 Jackson Ave. | Pascagoula, MS 39567
Phone: 228-696-0111
Email: tylercoxlaw@gmail.com

## **CERTIFICATE OF SERVICE**

I, Hon. J. Tyler Cox, do hereby certify that I have this day electronically filed the foregoing Motion with the Clerk of the Court using the ECF system which sent notification of such filing to the Assistant United States Attorney Stan Harris.

This the 4th day of March, 2024.

*s/ J. Tyler Cox*
Hon. J. Tyler Cox (MB #105807)
Taylor and Cox Law Firm