SOUTHERN DISTRICT OF MISSISSIPPI
**F I L E D**
MAR 05 2024
ARTHUR JOHNSTON
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | PROSECUTION |
| VERSUS | 1:21-CR-0073-HSO-RHWR<br>11:24-CV-27-HSO |
| NICHOLAS PAUL GODSEY | |

**<u>AFFIDAVIT OF TRIAL COUNSEL IN RESPONSE TO NICHOLAS PAUL GODSEY CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL</u>**

COMES NOW, Attorney Josh D. Taylor, and files this Affidavit of Trial Counsel in response to Nicholas Paul Godsey's claims of Ineffective Assistance of counsel.

My name is Josh D Taylor, I am an attorney who is licensed to practice in since 2013, with all of my experience and expertise grounded in Criminal Defense. This is the first time I have been requested to file this affidavit, and if my response lacks needed depth I would be happy to do so, in the interest of justice. With each claim asserting ineffective assistance during different times and/or different reasons for each, I will try to separate them without redundance.

**Ground #1: <u>Counsel Providing Ineffective Assistance</u>**

This issue is without merit. Mr. Godsey and his mother were aware of both Taylor Law Firm and myself would be assisting on the case. In fact, this was first to the delight of the Godsey family as it meant a team of attorneys would be putting eyes on the case, with myself navigating the most crucial part of the proceedings. They were not only informed, but also made no complaint about same until the filing of this claim. While I was not present with Mr. Cox, I have had the pleasure of working with him closely and have never seen anything but a competent, professional work ethic. While the Taylor Law Firm did assist in the case (namely Mr. Cox) they

withdrew without any material effect on the representation, though I was not present during the time of the withdraw and cannot speak to anything further without speculation. Again, this was known by all interested parties and only asserted as an issue by date of this claim. Furthermore, the record would reflect the amount of time between being charged, and entry of notice to change plea was filed. Mr. Godsey was fully aware of his charges, obligations and exposure under each, as well as the different methods in which we were to best defend against the indictment, after being well advised as to each. A large amount of time in this case was spent in attempts of Mr. Godsey to try and gain as many possible reductions/departures in the case. These decisions substantiate the intent to plea guilty at a later date. Moreover, the assistance I am referring to and take caution in same, would show the acknowledgment of his intent to plea as such assistance would be superfluous for trial purposes. I can provide more as to this upon requests of the Court.

      In my extensive time as a Criminal Defense Attorney, this is again the first time for me to be requested an affidavit in any manner, and my diligence used for every single client does not vary no matter the situation. I also reject any assertion of pressure or anything other than the clients autonomy, supported by detailed advice for my client to make the most informed decision possible. Mr. Godsey, like all my clients was told it is his choice on how to proceed, and I am with him no matter which he decides. He reviewed all documents as instructed, was attentive and sober minded, and advised me to enter the change in plea to be in compliance with the deadline to do so. Mr. Godsey also asserts contention to the amount of the controlled substance attributable to his case, but was informed of the consequences either way and chose to continue with a hard push to decrease his disclosure in another manner. The computation of the weight of substance was objected to yet overruled by his Honor. The video mentioned and substance contained within was also applied in the most conservative matter by the Government by

interpreting language in a light most favorable to Godsey. Mr. Godsey was advised fully, kept complete autonomy, and chose not to challenge this after considering the standard that would need to be met by Government in its determination. Mr. Godsey's intentions as to this run counter to his actions and request of Defense Counsel.

**Grounds #2 & #3: <u>Ineffective Assistance Prior to Plea and During Sentencing</u>**

Mr. Godsey's claim here is also without merit. He was fully advised of his rights as well as not only being receptive to meeting the Government, but instead eager. Mr. Godsey was fully advised and both documentation as well as possible witnesses to same should be available to verify same. Mr. Godsey did ask me a week after the hearing if we could go back on anything he disclosed if we were to allege Mr. Godsey was under the influence at the time. Given the time from which he was apprehended, as well as his appearance and understanding throughout would prove that no such assertion could be supported or substantiated and Mr. Godsey requested I move on in a different direction, one in which he demanded during the duration of his time prior to plea. The record would reflect that Mr. Godsey did benefit from this approach, though not as much as he likely (or anyone else in his position) would have liked said efforts to alieviate more of his exposure. This is something we worked diligently at and can be substantiated through testimony of the parties involved. In fact, I told Mr. Godsey I would even help after sentencing to facilitate possibilities to further reduce his sentence. At all times during representation Mr. Godsey was advised throughly, and had a good understanding of the procedure due to prior experience. Further, the information Mr. Godsey is eluding to is directed at evidence obtained and executed via search warrant, containing a video extracted from an originating from the phone which was seized. Any information provided by Mr. Godsey in the proffer was related to and responded to after inquiry by the Government as to the existence of same. While Mr. Godsey

may not be pleased by the final results of our efforts (now alleged post sentencing), he certainly was pleased with and requested to have each meeting set up with the Government.

Lastly, I cannot speak to the pictures contained as exhibits in the complaint without more context. While I did receive numerous text, calls, and other forms of communication from multiple individuals, the content within was considered and investigated to the best of my ability. The complaint states that the video contains a person and only shows the arms of the individual in question, as well as some audio. This was asserted close to the conclusion of the case and the name was given to the Government for further investigation. An individual not named at any point earlier in the process and the assertion he was the one in the video and wanted to take the blame for the content, did not materialize in any way nor did the individual need myself to make such an admission. Again, I was contacted by the Godsey family on so many different occasions, usually outside the prescribed hours of the workday, it is not possible to address same without context. Mr. Godsey did not assert that a Mr. Dalton was responsible for the video at anytime in his representation, unless the message was sent from a cell phone contained within the jail. The person who sent a text about Mr. Dalton did not come from Godsey, but instead someone within his family and friends. It strikes me as odd that if this were so, Mr. Godsey would have failed to say so with multiple opportunities on the record.

## Conclusion

In conclusion, counsel would show and does state that Mr. Godsey received a competent and effective defense from undersigned Counsel, at all times during the course of representation.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

Respectfully submitted, this the 5th day of March, 2024.

_____
Josh D. Taylor, MSB #104457

STATE OF MISSISSIPPI
COUNTY OF HARRISON

     PERSONALLY appeared before me, the undersigned authority in and for the said County and State, the within named Josh D. Taylor (Attorney at Law), who first being duly sworn, states on his oath that the information contained in the above and foregoing Affidavit is true and correct, to the best of his knowledge and belief.

     SWORN TO AND SUBSCRIBED before me, this the __5th___ day of March, 2024.

My Commission Expires: _____        NOTARY PUBLIC _____

## CERTIFICATE OF SERVICE

I, Josh D. Taylor, do hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the EFC System, which sent notification of such filing to all Counsel of record.

SO CERTIFIED, this the 5th day of March, 2024.

By:_____
Josh D. Taylor MSB #104457

Prepared by:

Josh D Taylor (msb:104457)
525 Krebs Avenue
Pascagoula MS, 39567
Phone: (228) 238-8050
Taylorlawofficems@gmail.com